FROM: 82965071
TO:
SUBJECT: Motion to Disclose FISA Electronic Surveillance
DATE: 05/13/2017 02:34:58 PM

United States District Court
for the District of South Carolina
Anderson/Greenwood Division

United States of America,
v.                                       Cr. No. 8:16-849-BHH-1
Harry Lee Long, Defendant.

MOTION TO DISCLOSE FISA ELECTRONIC SURVEILLANCE 50 USC 1806(f)
AND TO DISMISS

Defendant Harry Lee Long ("Defendant" or "Long") hereby moves the court to disclose the electronic surveillance and to dismiss the case pursuant to the Classified Information Procedures Act and represents as follows;

1. Defendant was charged and Indicted with violations f 18 USC 922(g)(1), 924(a)(2) and 924(e), and committed for restoration and mental evaluations under 18 USC 4241, 4242 and 4247(b) and (c).
2. Defendant arrived at Lexington for the 45 day evaluation on January 5, 2017 and was discharged on April 6, 2017. This court lacks statutory authority to move forward because Lee was civilly committed for the evaluation beyond the max time frame of 45 days. See USA v. Baker 807 F.2d 1315 (6th Cir. 1986) (The district court commitment is valid up to a period of only 45 days)
3. Defendant upon information and belief asserts that the government had him under a FISA Warrant and electronic surveillance in violation of the Foreign Intelligence Electronic Surveillance Act in violation of FISA 50 USC 1801 et seq, and the 4th and 5th Amendment because there was no probable cause under FISA.
4. Defendant is an aggrieved party under FISA and the court should order the government to disclose the FISA electronic surveillance pursuant to 50 USC 1806(f) and Defendant moves for an order to have the government respond to this motion and file an unclassified heavily redacted version of the FISA materials See USA v. Daoud 755 F.3d 479, 481 (7th Cir. 2014) In Daoud the government replied to Defendant's FISA motion by filing a heavily redacted version of the FISA materials.
5. Releasing the FISA materials is necessary for the court to determine the legality of the FISA electronic surveillance and Defendant is an aggrieved party under FISA and 50 USC 1806(f). After receiving the FISA materials the court should dismiss the case under the Classified Information Procedures Act in Title 18 Appendix.
6. In addition the court should take in camera the classified version of the FISA materials and allow counsel to apply for a top secret clearance to view the FISA and/or appoint cleared counsel so that the court can determine through the briefs of the parties the legality of the surveillance because defendant asserts that the FISA Warrant is completely unlawful and in violation of the laws and Constitution of the United States as stated above.
WHEREFORE, the foregoing Motion should be granted. The FISA materials should be disclosed to defendant in the manner set forth herein or in any other manner the court deems just and proper and the court should order any and all other appropriate or requested relief. The court should quash the mental evaluation civil commitment because the court lacks statutory authority as explained above to move forward and for that violation of the 5th Amendment Due Process Clause the court should order defendant immediately released and discharged from unlawful confinement.

Respectfully submitted,
*Harry Lee Long*
Harry Lee Long
#82965071
USP Atlanta
PO Box 150160
Atlanta, GA 30315

Harry Lee Long
#82965071
Inmate Locator
Federal Bureau of Prisons
320 First Street, NW
Washington, DC 20534

DEFENDANT

Hamilton Brown
www.facebook.com/hamiltonbrownfirm

Certificate of Service

I hereby certify that on this 13th day of May, 2017 I served a true and correct copy of the foregoing by mail delivery upon the following: Office of the US Attorney [via electronic notification]

*Harry Lee Long*
Harry Lee Long