IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No: 8:16-cr-849 |
| vs. | |
| HARRY LEE LONG | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION TO REDUCE SENTENCE
PURSUANT TO 18 U.S.C. § 3582(C)(1)(A)(i)**

The United States of America by and through its undersigned attorney hereby responds to the Defendant's request for compassionate release and opposes the same. Long appears to have exhausted all his administrative remedies, but the government questions whether he meets the requirements for a reduction in sentence based on extraordinary and compelling circumstances.

## CASE HISTORY

Long was indicted on November 9, 2016, for one count of being a felon in possession of firearms and ammunition, in violation of 18 U.S.C. § 922(g)(1). He was arrested on November 30, 2016, and remained in custody. On December 16, 2016, a superseding indictment issued to correct a spelling error. Long pled guilty on December 5, 2017, and was sentenced on May 3, 2018, to the Bureau of Prisons for a term of 78 months with supervised release for three years.

Long filed the present motion for Compassionate Release pursuant to 18 U.S.C. 3182(c)(1)(A)(i), on June 4, 2020. (ECF ## 2, 23, 29, 92, 115, 119)

## **ARGUMENTS**
1. **Long does not automatically meet the criteria for early release.**

According to the United States Marshal Service as of June 8, 2020, the illnesses related to COVID-19 reflect 78 cases among inmates, five cases among staff, five inmate deaths, with 184 inmates recovering and 5 staff recovering among an inmate population of 1,184.

Title 18 U.S.C. 3582(c)(1)(A)(i) states, in pertinent part:

(c) Modification of an Imposed Term of Imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—
(1) in any case—
(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, *may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—*

   (i)    extraordinary and compelling reasons warrant such a reduction…; Id.
(Emphasis added)

The First Step Act provides inmates with a procedural right to seek judicial review of a request for compassionate release, but it did not expand the substantive criteria that govern the bases for that review. The court can look only to the considerations set forth at

U.S.S.G. § 1B1.13, and in the BOP Program Statement 5050.50. Program Statement 5050.50, was amended January 17, 2019, after the First Step Act of 2018. In summary, the BOP Program Statement 5050.50, factors involve inmates with terminal or debilitating illnesses; inmates who are age 70 and over that have served thirty years or more of their sentence; inmates age 65 and over that have chronic or serious medical conditions or who have deteriorating mental or physical health that substantially diminishes their ability to function in a correctional facility. It also encompasses inmates who are age 65 and over who have served the greater of 10 years or 75% of the term of imprisonment to which the inmate was sentenced. *Id.*

Long is sixty years of age and has served approximately forty three months in prison on a 78 months sentence. This eliminates Long from some of the considerations for early release since he has not reached age sixty five, he has not served 75% of his term of imprisonment, and there is no supporting documentation that he suffers from a deteriorating mental or physical health that substantially diminishes his ability to function in a correctional facility. Long is presently housed at the Federal Medical Facility in Kentucky where he is being treated while incarcerated.

In his bid for compassionate/early release Long included two pages of medical records appearing to confirm a substantial portion of the illnesses he indicated that he is afflicted with.

## CONCLUSION

Long does not clearly fit within any of the specified FSA subcategories which include age, service time, and illness set forth in U.S.S.G. § 1B1.13, and BOP Program Statement 5050.50. Long has a prior violent crime conviction for which he served a lengthy prison sentence and while incarcerated on this sentence he has had no disciplinary infractions according to the BOP. Given his criminal history the government does have a concern over whether he poses a risk of danger to his community if he were to be released.

Ultimately, in assessing his request this Court will use, as it always does, its sound judgment to determine if Long otherwise qualifies for compassionate release in deciding whether he presents extraordinary and compelling reasons for relief.

Respectfully submitted,

PETER M. MCCOY, JR.
UNITED STATES ATTORNEY

By: *Max Cauthen*

Max B. Cauthen, III
Assistant U.S. Attorney
D.C. No. 6732
55 Beattie Place, Suite 700
Greenville, SC 29601
(864) 282-2100

June 8, 2020